UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                                        :

AURELIUS CAPITAL PARTNERS, LP and    :
AURELIUS CAPITAL MASTER, LTD.,       :

                            Plaintiffs,    :       14 Civ. 8946 (TPG)

      - against -                           :

THE REPUBLIC OF ARGENTINA,            :

                            Defendant.    :
------------------------------------------------------------------ x

BLUE ANGEL CAPITAL I LLC,               :

                             Plaintiff,    :
                                         :       14 Civ. 8947 (TPG)
      - against -                           :

THE REPUBLIC OF ARGENTINA,            :

                            Defendant.    :
------------------------------------------------------------------ x

## [PROPOSED] ORDER

      WHEREAS, in an Order dated December 13, 2011 entered in related cases *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. The Republic of Argentina*, Nos. 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG); *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. The Republic of Argentina*, Nos. 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG); *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*, Nos. 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG); and *Blue Angel Capital I LLC v. The Republic of Argentina*, Nos. 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG) (the "Related Cases"), this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement (the "FAA"), the Republic of Argentina ("Argentina") is "required . . . at all times to rank its payment obligations

pursuant to Plaintiffs' Bonds at least equally with all Argentina's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in an Order dated February 23, 2012 in the Related Cases, this Court granted the motion of plaintiffs Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, and Blue Angel Capital I LLC for equitable relief as a remedy for such violations of the FAA pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

WHEREAS, in an Order dated March 5, 2012 in the Related Cases, this Court stayed the February 23 Order pending appeal and also prohibited Argentina from taking any action to evade the directives of the February 23, 2012 Order.

WHEREAS, the Court resolved certain issues remanded by the Second Circuit in the Related Cases in an opinion, dated November 21, 2012, and an "Amended February 23 Order," dated November 26, 2012.

WHEREAS, in an opinion dated August 23, 2013, the Second Circuit affirmed the Amended February 23 Order in the Related Cases, but stayed enforcement of the Amended February 23 Order pending the resolution of a petition for a writ of certiorari.

WHEREAS, in an Order in the Related Cases dated October 3, 2013, the Court clarified that the anti-evasion provisions of the March 5 Order remain in full force and effect and further ordered that Argentina was barred from taking "any action to attempt to evade the purposes and directives of the Amended February 23 Order, attempt to render those Orders ineffective, to attempt to diminish the Court's ability to supervise compliance with the Amended February 23 Orders, including without limitation, altering or amending the processes or specific transfer

mechanisms by which it makes payments on the Exchange Bonds without prior approval of the Court."

WHEREAS, on February 18, 2014, Argentina filed with the Supreme Court of the United States a petition for a writ of certiorari with respect to the judgment of the United States Court of Appeals for the Second Circuit affirming the Amended February 23 Order in the Related Cases.

WHEREAS, on June 16, 2014, the Supreme Court of the United States denied Argentina's petition for a writ of certiorari to review the judgment of the United States Court of Appeals for the Second Circuit affirming the Amended February 23 Order in the Related Cases.

WHEREAS, in an Order dated June 5, 2015, this Court granted partial summary judgment to Plaintiffs Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., and Blue Angel Capital I LLC (collectively "Plaintiffs") on their claims that Argentina repeatedly has breached, and continues to breach, its obligations under paragraph 1(c) of the FAA finding:

> By issuing the Exchange Bonds and passing legislation prohibiting payment on the FAA bonds, the Republic has created a superior class of debt to that held by plaintiffs. By making payments on this superior class of debt, the Republic has violated its promise to rank plaintiffs' bonds equally with its later-issued external indebtedness. Thus, the court holds, in light of the Republic's entire and continuing course of conduct, that it has breached the *pari passu* clause of the FAA.

And WHEREAS Plaintiffs have filed a motion for equitable relief as a remedy for such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

Upon consideration of Plaintiffs' motion, the response of Argentina thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

1. It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably harmed by and have no adequate remedy at law for Argentina's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent Argentina from further violating Paragraph 1(c) of the FAA, in that:

   a. Absent equitable relief, Plaintiffs would suffer irreparable harm because Argentina's payment obligations to Plaintiffs would remain debased of their contractually-guaranteed status, and Plaintiffs would never be restored to the position they were promised that they would hold relative to other creditors in the event of default.

   b. There is no adequate remedy at law for Argentina's ongoing violations of Paragraph 1(c) of the FAA because Argentina has made clear—indeed, it has codified in Law 26,017, Law 26,547, Law 26,984 and Law 26,886—its intention to defy any money judgment issued by this Court.

   c. The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and Argentina's repeated failures to make required payments to Plaintiffs. In the absence of the equitable relief provided by this Order, Argentina will continue to violate Paragraph 1(c) with impunity, thus subjecting Plaintiffs to harm. On the other hand, the Order requires of Argentina only that which it promised Plaintiffs and similarly situated creditors to induce those creditors to purchase Argentina's bonds. Indeed, equitable relief is particularly appropriate here, given that Argentina has engaged in an unprecedented, systematic scheme of making payments on other external

4

indebtedness, after repudiating its payment obligations to Plaintiffs, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

        d.      The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of Argentina have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding Argentina to its contractual obligations.

2.      Argentina accordingly is permanently ORDERED to specifically perform its obligations to Plaintiffs under Paragraph 1(c) of the FAA as follows:

        a.      Whenever Argentina pays any amount due under terms of the bonds or other obligations issued pursuant to Argentina's 2005 or 2010 Exchange Offers, or any subsequent exchange of, or substitution for, the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), Argentina shall concurrently or in advance make a "Ratable Payment" to Plaintiffs (as defined below and as further defined in the Court's Opinion of November 21, 2012 in the Related Cases (Docket No. 424)).

        b.      Such "Ratable Payment" that Argentina is ORDERED to make to Plaintiffs shall be an amount that is equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to Plaintiffs in respect of the bonds at issue in these cases (14 Civ. 8601 (TPG) and 14 Civ. 8988 (TPG)), including pre-and post-judgment interest.

   c. Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which Argentina intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

   d. Argentina is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Plaintiffs.

   e. Within three (3) days of the issuance of this ORDER, Argentina shall provide copies of this ORDER to all participants in the payment process of the Exchange Bonds ("Participants").  Such Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by Argentina of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Plaintiffs.

   f. "Participants" refer to those persons and entities who act in active concert or participation with Argentina, to assist Argentina in fulfilling its payment obligations under the Exchange Bonds, including: (1) the indenture trustees and/or registrars under the Exchange Bonds (including but not limited to The Bank of New York Mellon f/k/a/ The Bank of New York); (2)  the registered owners of the Exchange Bonds and nominees of the depositaries for the Exchange Bonds (including but not limited to Cede & Co. and The Bank of New York

Depositary (Nominees) Limited) and any institutions which act as nominees; (3) the clearing corporations and systems, depositaries, operators of clearing systems, and settlement agents for the Exchange Bonds (including but not limited to the Depository Trust Company, Clearstream Banking S.A., Euroclear Bank S.A./N.V. and the Euroclear System); (4) trustee paying agents and transfer agents for the Exchange Bonds (including but not limited to The Bank of New York (Luxembourg) S.A. and The Bank of New York Mellon (including but not limited to the Bank of New York Mellon (London)); and (5) attorneys and other agents engaged by any of the foregoing or Argentina in connection with their obligations under the Exchange Bonds.

    g.    Nothing in this ORDER shall be construed to extend to the conduct or actions of a third party acting solely in its capacity as an "intermediary bank," under Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a funds transfer in connection with the Exchange Bonds.

    h.    Any non-party that has received proper notice of this ORDER, pursuant to Rule 65(d)(2), and that requires clarification as to its duties, if any, under this ORDER may make an application to this Court, with notice to Argentina and Plaintiffs.  Such clarification will be promptly provided.

    i.    Concurrently or in advance of making a payment on the Exchange Bonds, Argentina shall certify to the Court and give notice of this certification to its Participants, and to counsel for Plaintiffs, that Argentina has satisfied its obligations under this ORDER to make a Ratable Payment to Plaintiffs.

7

3. Plaintiffs shall be entitled to discovery to confirm the timing and amounts of Argentina's payments under the terms of the Exchange Bonds; the amounts Argentina owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

4. Argentina is permanently PROHIBITED from—either directly or through any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of Argentina—taking any action to or attempting to evade the purposes and directives of this ORDER, render it ineffective, or attempt to diminish the Court's ability to supervise compliance with this ORDER, including, without limitation, by altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. This paragraph shall remain in effect during the pendency of any appeal, any petition to the United States Supreme Court for a writ of certiorari, any proceeding on the merits in the United States Supreme Court, and any proceedings on remand unless a further order of the Court states otherwise.

5. ORDERED that with respect to any plan or proposal that may have the purpose, effect or intent, either directly or indirectly, of violating this ORDER, or which may be deemed by a reasonable person to have such purpose, effect or intent, Argentina shall disclose to Plaintiffs, within five business days of the entry of this ORDER, the existence and content of any communications between Argentina (or any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of Argentina) and: (i) any holders of beneficial interest in Exchange Bonds or any registered owners of the Exchange Bonds; (ii) any trustee, indenture trustee, paying agent, trustee paying agent, transfer agent, or any agent under the relevant indenture and global notes for the Exchange Bonds; (iii) any registrar, clearing

8

corporations and systems, operators of clearing systems, settlement agents, depositary, depositary participant or custodian for the Exchange Bonds; (iv) any banking, financial, trust or custodial institution and any coordinator, manager, solicitation agent, tender or exchange agent, or financial advisor; (v) any United States or international regulator or government entity; or (vi) any agent, representative, or other person acting on behalf of the persons identified in parts (i), (ii), (iii), (iv), or (v) of this paragraph. For the avoidance of doubt, this disclosure shall include the identity of all parties to the communication, the date and nature of the communication, a detailed description of the content of the communication, and any documents or records constituting or associated with the communication (including without limitation any e-mails, attachments, facsimile transmissions, or other written materials). To the extent that any such communications come into existence after the date of this ORDER, such communications shall be disclosed to the Court and to Plaintiffs' counsel within five business days of the sending or receipt of such communications.

6. This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

SO ORDERED

Dated: New York, New York
 _____, 2015

 _____
 Thomas P. Griesa
 United States District Judge